IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARTHA TEDDER, Individually and  \*
as Administrator of the Estate of  \*
Lawrence Keasler, and on behalf of the  \*
Wrongful Death Beneficiaries of  \*
Lawrence Keasler,  \*
\*
        Plaintiff,  \*
\*
vs.  \*  No. 3:05CV00264 SWW
\*
Beverly Enterprises, Inc., et al.,  \*
\*
        Defendants.  \*

ORDER

Before the Court is plaintiff's motion to remand to which defendants have responded. The Court finds the motion should be granted.

Mr. Lawrence Keasler resided in a nursing home in Paragould, Arkansas, from March 21, 2003, until August 10, 2003. The facility was operated by separate defendant Beverly Enterprises - Arkansas, Inc. Plaintiff, the duly appointed administrator of Keasler's estate, filed a complaint in Greene County Circuit Court on July 25, 2005, asserting claims of medical malpractice, negligence, deceit, breach of contract, violation of the Arkansas Long Term Care Residents' Rights Statute, violation of the Arkansas Deceptive Trade Practices Act, and wrongful death. On November 2, 2005, plaintiff filed a motion for preliminary injunction, temporary restraining order, alternatively for constructive trust or to post bond. The motion concerns a proposed merger between defendant

Beverly Enterprises, Inc. ("BEI") and North American Senior Care, Inc. ("NASC").[1]  Defendants removed the action to federal court on November 15, 2005, on the basis that plaintiff's motion is in fact, if not in name, asserted as a class action and, therefore, is removable pursuant to 28 U.S.C. § 1332 (d).

As the removing party, BEI carries the burden of establishing federal jurisdiction, and the Court must resolve all doubts in favor of a remand to state court.  *In re Bus. Men's Assurance Co. of America.*, 992 F.2d 181, 183 (8th Cir. 1993).  BEI asserted in its notice of removal that the motion filed in this matter and in six other patient care suits seek identical equitable relief, and if plaintiff's motion is successful and the merger of BEI with NASC is enjoined, the impact of that decision will be shared by all other similarly situated plaintiffs with patient care claims against BEI.  Similarly, if a court were to impose a constructive trust over $172.4 million in liability reserves, all other plaintiffs asserting patient claims against BEI would be affected.  BEI claims the motion itself concedes that plaintiff is acting in a self-appointed representative capacity for the sake of other "nursing home neglect  victims," "future creditors" and "other judgment creditors affected by Beverly's negligence."  BEI argues the relief sought in the motion is the type of relief that would be certifiable as a class action under Fed.R.Civ.P. 23(b)(1) or 23 (b)(2) and, in accordance with the Class Action Fairness Act, specifically 28 U.S.C. § 1332(d), the Court should exercise jurisdiction.

The Class Action Fairness Act of 2005, 28 U.S.C. § 1332 *et seq.* ("CAFA"), expanded the subject matter jurisdiction of federal courts over class actions where there is minimal diversity and the amount in controversy exceeds $5,000,000.  As amended, §1332(d) provides that the United States District Courts have original jurisdiction over any class in which: (1) the matter in controversy

---

[1]On November 21, 2005, BEI publicly announced that NASC was replaced as the purchaser of BEI stock by Filmore Strategic Investors.  *See* BEI Br. in Supp. Resp., Ex. A.

exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; (2) at least one member of the plaintiff class is a citizen of a State different from any defendant; and (3) the number of members of the putative class is not less than 100.  The Act permits defendants to remove a class action to federal court if the above requirements are satisfied.

BEI asserts there are approximately 316 members of the putative class of plaintiffs with patient care claims pending against BEI, and approximately 259 of the class of plaintiffs are from states other than Arkansas.  BEI claims plaintiff's statement that "[t]he proposed merger between Beverly and NASC is a blatant attempt by Beverly to avoid having to pay any money to the numerous nursing home neglect victims who have filed lawsuits against Beverly both in Arkansas and other jurisdictions," *see* Pl's. Mot. for Prelim. Inj., TRO at 25, indicates she seeks to represent the class comprised of all similarly situated plaintiffs both within and without the State of Arkansas.  BEI asserts the amount in controversy exceeds $5 million for the motion seeks a constructive trust over $172.4 million in liability reserves.

Although BEI argues that the CAFA should be interpreted liberally to include lawsuits that resemble class actions, the Court agrees with plaintiff that  28 U.S.C. § 1332(d)(1)(B), limits federal jurisdiction to civil actions filed under Fed.R.Civ. P. 23.[2]  Because the lawsuit was not filed under Rule 23 or a similar state statute as a class action, this Court has no jurisdiction.

---

[2]The Class Action Fairness Act, PL 109-2, amended 28 U.S.C. § 1332 by inserting a new subsection (d) which defines the term "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

IT IS THEREFORE ORDERED that the motion to remand [docket entry 12] is granted. This cause of action is hereby remanded to the Circuit Court of Greene County, Arkansas

DATED this 12th day of December 2005.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE